IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bruce C. Elrod and Christopher J. Elrod, | ) C/A No.: 0:14-2283-MGL-SVH |
| Plaintiffs, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| Jim Richardson, Jason Rogers, Al Weekly, Music Charts Magazine, and Terry Hammond, | ) |
| Defendants. | ) |

Plaintiffs Bruce C. Elrod and Christopher J. Elrod, proceeding pro se and in forma pauperis, bring this civil action against Jim Richardson, Jason Rogers, Al Weekly, Music Charts Magazine, and Terry Hammond ("Defendants"). [Entry #1 at 2]. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

The complaint, signed only by Bruce C. Elrod, alleges that Defendants have slandered Plaintiffs. [Entry #1 at 3–4]. Plaintiffs state that they have "countless affidavits to prove these allegations," but did not attach to the complaint any of the referenced affidavits. *Id.* at 3. They seek three million dollars in damages. *Id.* On August 5, 2014, the court issued an order directing that: (1) Christopher J. Elrod pay the filing fee or submit

an application to proceed in forma pauperis, (2) both Plaintiffs sign the complaint, and (3) Plaintiffs complete the relief section in the complaint and provide the court with additional information or facts that would assist the court in the evaluation of the complaint. [Entry #11]. In response, Christopher J. Elrod submitted an application to proceed in forma pauperis. [Entry #13]. On September 15, 2014, the court issued a second proper form order directing again that (1) both Plaintiffs sign the complaint and (2) complete the relief section in the complaint and provide the court with additional information or facts that would assist the court in the evaluation of the complaint. [Entry #15]. In response, Bruce C. Elrod stated that Christopher J. Elrod is mentally challenged and that Bruce C. Elrod is pursuing this claim on his behalf. [Entry #18]. Bruce C. Elrod also completed the relief section in the complaint, which was docketed as an attachment to the original complaint, but did not provide any additional factual support for their claims. *Id.*

II.   Discussion

   A.   Standard of Review

Plaintiffs filed their complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31

(1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.    Analysis[1]

As an initial matter, Bruce Elrod cannot proceed pro se on behalf of Christopher Elrod. Bruce Elrod does not allege that he is an attorney who is licensed to practice in South Carolina, and while he has the authority to litigate his own claims pro se, *se*e 28 U.S.C. § 1654, he does not have the authority to litigate on another's behalf. *See Myers v. Loudoun Cnty. Pub. Schs.*, 418 F.3d 395, 401 (4th Cir. 2005) ("[N]on-attorney parents

---

[1] Plaintiffs appear to be citizens of South Carolina. [Entry #1 at 1]. The complaint contains Defendants' addresses, and it appears that they are all citizens of states other than South Carolina. *Id*. As Plaintiffs have alleged three million dollars in damages, the court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

generally may not litigate the claims of their minor children in federal court."); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("[W]e consider the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others.").

The instant complaint is subject to summary dismissal because it fails to provide "a short and plain statement of the claim showing that the pleader is entitled to relief," as required by Fed. R. Civ. P. 8(a). Plaintiffs' complaint alleges only that Defendants have slandered their names, damaged their personal and professional reputations, and have ruined their ability to sell their company, Cashbox Magazine. [Entry #1, #18]. Despite two opportunities, Plaintiffs have provided no factual support for their bare allegations of slander. While the court is bound to liberally construe Plaintiffs' pro se complaint, they must do more than make mere conclusory statements to support their claim. *See Adams v. Rice*, 40 F.3d 72, 74–75 (4th Cir. 1994); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (affirming dismissal of a complaint which "failed to contain any factual allegations tending to support [plaintiff's] bare assertion"). Although Plaintiffs are not required to plead facts sufficient to prove their case as an evidentiary matter in the complaint, they must allege facts that support a claim for relief. *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003); *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001) (finding that plaintiff must "offer more detail, however, than the bald statement that he has a valid claim of some type against the defendant"). Due to the lack of factual allegations of specific wrongdoing attributable to each of the defendants, the complaint fails to state a claim on which relief may be granted. *See Cochran v. Morris*, 73 F.3d

1310, 1316 (4th Cir. 1996) (finding that statute allowing dismissal of in forma pauperis claims "encompasses complaints that are either legally or factually baseless"). Accordingly, the instant case should be summarily dismissed.

III.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

October 9, 2014                                    Shiva V. Hodges
Columbia, South Carolina                    United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).